UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GARRETT WADE LINDERMAN,

    Plaintiff,

v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

    Defendant.

Case No. C17-5934 RSM

ORDER REVERSING AND REMANDING THE CASE FOR FURTHER ADMINISTRATIVE PROCEEDINGS

Plaintiff, Garrett Wade Linderman, seeks review of the denial of his application for Supplemental Security Income. Plaintiff's lawyer filed an opening brief that violates the Court's scheduling order (Dkt. 8), in that it fails to list the errors alleged beginning on page one, and sets forth the issue for review in general statements, exactly as the Court prohibits. Counsel is advised that future briefs that fail to conform to the Court's scheduling order may be summarily stricken.

Plaintiff contends the ALJ erred by rejecting the opinions of three doctors. Dkt. 9. As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**BACKGROUND**

Plaintiff is currently 55 years old, has a high school education, and has no past relevant

ORDER REVERSING AND REMANDING
THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 1

work. Tr. 30. Plaintiff applied for benefits in May 2014, alleging disability as of June 2013. Tr. 21. Plaintiff's applications were denied initially and on reconsideration. Tr. 21. After the ALJ conducted a hearing in June 2016, the ALJ issued a decision finding plaintiff not disabled. Tr. 21-31.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since the May 2014 application date.

**Step two:** Plaintiff has the following severe impairments: degenerative disc disease of the spine, rotator cuff tendonitis, chronic liver disease, chronic renal failure, anxiety, substance abuse, and antisocial personality disorder.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:** Plaintiff can perform light work, further limited to occasional overhead reaching bilaterally. He can frequently climb ramps and stairs and occasionally climb ladders, ropes, or scaffolds. He can frequently balance, stoop, kneel and crouch, and occasionally crawl. He can have no exposure to extremes of temperature or gases, chemicals or fumes. He can perform simple, routine tasks and follow short, simple instructions. He can do work that needs little or no judgment and can perform simple duties that can be learned on the job in less than 30 days. He can respond appropriately to supervision, but cannot be required to work in close coordination with coworkers where teamwork is required. He can have occasional changes in the work environment. He can do work that requires no contact with the general public to perform work tasks.

**Step four:** Plaintiff has no past relevant work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that plaintiff can perform, he is not disabled.

Tr. 23-31. The Appeals Council denied plaintiff's request for review, making the ALJ's decision

---

[1] 20 C.F.R. § 416.920(a)(4).
[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

ORDER REVERSING AND REMANDING
THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 2

the Commissioner's final decision. Tr. 1.[3]

## DISCUSSION

The Court may reverse an ALJ's decision only if it is not supported by substantial evidence or if the ALJ applied the wrong legal standard. *See Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). Even then, the Court will reverse the ALJ's decision only if the claimant demonstrates that the ALJ's error was harmful. *Id.* "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

**A.     Medical Opinions**

When contradicted, a treating or examining doctor's opinion may not be rejected without "specific and legitimate reasons" that are supported by substantial evidence in the record. *Lester v. Chater*, 81 F.3d 821, 830, 831 (9th Cir. 1996).

Plaintiff appears to argue that the ALJ erred by discounting the medical opinions of examining doctors Felicia Mueller, Psy.D., Jennifer Irwin, M.D., and treating doctor Sharon Carter, M.D., regarding his mental health. Dkt. 9.

**1.     Dr. Mueller**

In February 2014, Dr. Mueller opined, among other impairments, that plaintiff's ability to

---

[3] The rest of the procedural history is not relevant to the outcome of the case and is thus omitted.

maintain appropriate behavior in a work setting was severely impaired, and his ability to maintain punctual attendance and complete a normal workday and workweek was markedly impaired. Tr. 310-11. The ALJ gave Dr. Mueller's opinions "little weight" because they were "not supported by citation to medical records or other factual reference" and because they "appear[ed] to have been made for the purposes of qualifying" plaintiff for disability benefits. Tr. 27. The second reason is erroneous. *See Lester*, 81 F.3d at 832 (In the absence of "evidence of actual improprieties" an ALJ "may not assume that doctors routinely lie in order to help their patients collect disability benefits.").

The ALJ's first reason is not supported by substantial evidence. Dr. Mueller performed a clinical interview and a mental status examination. Tr. 308-312. Her observations included depressed affect and labile mood, plaintiff scored "severe" on an anxiety rating scale, and her testing results showed plaintiff had abnormalities in thought process and content, orientation, perception, memory, fund of knowledge, concentration, abstract thought, insight and judgment. Tr. 309, 312. The Commissioner argues that the fact that "Dr. Mueller listed diagnoses that allegedly had existed since 1984 and 1999, without disclosing the source of such diagnoses and onset" indicates that her opinions were unsupported by the record. Dkt. 12 at 4. Dr. Mueller listed a 1999 onset date for her diagnoses of PTSD, cannabis dependence, and rule-out ADHD, and a 1981 onset date for antisocial personality disorder. Tr. 310. The fact that Dr. Mueller relied on plaintiff's self-reports to estimate the onset date for conditions she diagnosed does not undermine the reliability of her diagnoses or her functional capacity evaluation.

The Court concludes the ALJ erred by discounting Dr. Mueller's opinions.

**2.     Dr. Irwin**

In March 2015, Dr. Irwin opined that plaintiff "would have difficulty performing work

activities, on a consistent basis, without special or additional instructions" and "would have difficulty completing a normal workday/workweek, without interruptions from his psychiatric condition." Tr. 363. The ALJ gave Dr. Irwin's opinions "little weight" because she "did not describe if the claimant would nevertheless be able to work despite the 'difficulty' she believed he would have in certain areas" and Dr. Irwin "assumed that the claimant's substance use was in full sustained remission when in fact it was not…." Tr. 29 (citing Tr. 304, 457).

The ALJ's first reason, that Dr. Irwin's opinions were too vague to assist in the disability determination, is a specific and legitimate reason to discount the opinions. Dr. Irwin's opinion imposes a limitation, but does not explain how severe the limitation is. At the hearing, a vocational expert testified that an employee who was off task for 20% of the time, or who missed two days of work per month, could not maintain competitive employment. Tr. 68-69. The ALJ reasonably concluded that Dr. Irwin's opined limitation of "difficulty" was too vague to assist in determining whether plaintiff would be able to stay on task enough of the time to maintain competitive employment. When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Thomas*, 278 F.3d at 954.

The ALJ's second reason, that Dr. Irwin misdiagnosed plaintiff with drug abuse disorders in remission, was erroneous. In March 2015, Dr. Irwin diagnosed plaintiff with amphetamine, cannabis, and opioid use disorders, all "in full, sustained remission." Tr. 362-63. A few months before, in November 2014, a treating physician reported that plaintiff "still uses amphetamines occasionally" and was "going to go through inpatient rehabilitation in the next couple of months." Tr. 304. More than a year after Dr. Irwin's examination, in June 2016, a letter from plaintiff's counseling service states that they "have been working on" tapering off his marijuana

use so that he can undergo a treatment for his liver disease. Tr. 457. Plaintiff had disclosed to Dr. Irwin that, although he was not using marijuana at the time, he planned to start using it again in a few months when he obtained a medical marijuana card. Tr. 361. Thus Dr. Irwin was aware of plaintiff's intended use and evidently concluded that prescribed marijuana use does not constitute a disorder. The ALJ does not explain what difference plaintiff's remission status might make to Dr. Irwin's opinions regarding functional limitations. There is no suggestion that, for example, plaintiff was intoxicated during the examination, potentially affecting the results. And Dr. Irwin specifically stated that plaintiff's "[a]ntisocial personality disorder is not treatable and is a lifelong problem." Tr. 363.

Although one of the ALJ's reasons to discount Dr. Irwin's opinions was erroneous, the error was harmless because the ALJ's remaining valid reason is specific and legitimate. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008) (remaining valid reasons "are specific findings related to [claimant's] ability to perform vocational functions).

### 3. Dr. Carter

Dr. Carter did not provide any opinions as to plaintiff's functional limitations. *See* Tr. 418-420. Plaintiff seems to argue that Dr. Carter's diagnoses are similar to those of Dr. Mueller and Dr. Irwin, thus bolstering their opinions. Dkt. 9 at 10-11. Similar diagnoses have little bearing on plaintiff's functional limitations, which are what the ALJ is charged with evaluating in determining his RFC. Plaintiff alleges no error at step two, where the ALJ determined all of his severe impairments. The Court concludes the ALJ did not err by not specifically addressing Dr. Carter's report.

B.      Scope of Remand

Plaintiff argues the Court should remand for an award of benefits or, in the alternative, for further administrative proceedings. Dkt. 9 at 15-16. In general, the Court has "discretion to remand for further proceedings or to award benefits." *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). The Court may remand for further proceedings if enhancement of the record would be useful. *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). The Court may remand for benefits where (1) the record is fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ fails to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

Here, the Court finds that enhancement of the record would be useful. For example, as plaintiff points out, there has been no psychological examiner who was able to review the entire medical record. Dkt. 9 at 15-16. Accordingly, remand for further proceedings is appropriate.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ should reevaluate the opinions of Dr. Mueller, develop the record as appropriate, reassess the RFC, and proceed to step five as necessary.

DATED this 27th day of July, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER REVERSING AND REMANDING
THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 7